UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY RICHARD CURRIE,

                Petitioner,

v.                                    CASE NO. 2:12-cv-14181
                                    HONORABLE DENISE PAGE HOOD

PAUL D. KLEE,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING THE HABEAS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

       Petitioner Gary Richard Currie has filed a *pro se* habeas corpus petition challenging

his Sanilac County convictions for criminal sexual conduct (CSC).  Because his only claim

alleges a violation of state law, which is not a cognizable claim on habeas corpus review,

the petition must be dismissed.

**I.  BACKGROUND**

       In 2011, Petitioner pleaded no contest to one count of CSC in the second degree,

Mich. Comp. Laws § 750.520c(1)(a), and one count of CSC in the third degree, Mich.

Comp. Laws § 750.520d.  In return, the prosecutor dismissed two additional counts of CSC.

On March 21, 2011, Sanilac County Circuit Judge Donald A. Teeple sentenced Petitioner

to imprisonment for four and a half to fifteen years for the third-degree CSC conviction and

to a concurrent term of three and a quarter to five years for the second-degree CSC

conviction.  Petitioner appealed his sentence to the Michigan Court of Appeals on the

ground that the trial court improperly awarded twenty-five points for offense variable

thirteen of the state sentencing guidelines.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  *See People v. Currie*, No. 307334 (Mich. Ct. App. Jan. 13, 2012).  Petitioner raised the same claim in the Michigan Supreme Court, which denied leave to appeal on June 25, 2012, because it was not persuaded to review the issue.  *See People v. Currie*, 491 Mich. 945; 815 N.W.2d 471 (2012).  On September 20, 2012, Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254.

## II.  DISCUSSION

Petitioner's sole claim, as set forth in his state appellate court brief, reads:

Defendant Currie was improperly awarded 25 points under OV 13 for a continuous pattern of behavior when no such "continuing pattern" existed, resulting in an unlawful upward departure from the proper sentencing guidelines.

In support of this claim, Petitioner cites only state court decisions and statutes.  His claim lacks merit because the state court's alleged misinterpretation and application of its sentencing laws and guidelines raises an issue of state law only.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Garcia-Dorantes v. Warren*, 769 F. Supp. 2d 1092, 1112 (E.D. Mich. 2011).  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990).  A federal habeas court is limited to deciding whether a conviction violated federal law.  *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).  Therefore, Petitioner's challenge to the state court's scoring of offense variable thirteen is not a cognizable claim on federal habeas corpus review.  *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Whitfield*

2:12-cv-14181-DPH-MAR Doc # 5 Filed 11/14/12 Pg 3 of 4 Pg ID 87

*v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). His petition for writ of habeas corpus [Document No. 1, filed Sept. 20, 2012] is **DISMISSED** with prejudice.

### III. DENIAL OF A CERTIFICATE OF APPEALABILITY AND *IN FORMA PAUPERIS* STATUS ON APPEAL

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034, 154 L. Ed. 2d 931 (2003). When, as here, a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right. Nor would reasonable jurists find it debatable whether the Court's procedural ruling is correct. The Court therefore declines to issue a certificate of

appealability.  The Court also declines to grant leave to appeal *in forma pauperis*, because

an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 14, 2012

I hereby certify that a copy of the foregoing document was served upon Gary Currie #795146, 2727 E. Beecher Street, Adrian, MI 49221 and  counsel of record on November 14, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4